**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MARK WALTERS,** | § | |
| | § | |
| **V.** | § | **A-15-CV-850-LY** |
| | § | |
| **J.D. PALATINE, L.L.C.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are Mark Walters's Response in Opposition to Notice of Removal and Motion to Remand (Dkt. No. 4); Defendant J.D. Palatine, L.L.C.'s Response (Dkt. No. 5); Walters's Motion for Leave to File Sur-Reply to Defendant's Response, and attached Reply (Dkt. No. 6). The District Court referred the above motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I.  GENERAL BACKGROUND

Walters, who is proceeding pro se, originally brought this suit in the 201st District Court in Travis County, Texas against J.D. Palatine L.L.C., which is a provider of criminal background checks. When Walters applied for a consulting contract with the Round Rock Independent School District, the District required that he submit to a criminal background check peformed by J.D. Palatine. Walters alleges that he was subsequently denied the consulting contract with the District due to the criminal background report provided by J.D. Palatine. Walters, who had received a copy of the criminal background check, filed a formal dispute with J.D. Palatine, arguing that the report

was inaccurate. He has now brought this suit, alleging that those inaccuracies, and J.D. Palatine's actions in response to his formal dispute, constituted violations the Texas Consumer Credit Reporting Act, the Texas Deceptive Trade Practices Act, and the federal Fair Credit Reporting Act, as well as common law claims. J.D. Palatine removed the action to this court, citing both federal question and diversity jurisdiction. Walters has moved to remand.[1]

## II. ANALYSIS

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," *i.e.*, those actions presenting a federal question. 28 U.S.C. § 1331. *See also*, *Bernard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008) ("Under [the] 'well-pleaded complaint' rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiffs pleaded complaint"). The party invoking the removal jurisdiction of federal courts bears the burden of establishing federal jurisdiction. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). "Once a case has been properly removed, there is very little that a plaintiff can do that will defeat federal subject-matter jurisdiction and force

---

[1] Walters has filed a Motion for Leave to File Sur-Reply to Defendant's Response, to which he has attached what he calls a sur-reply, but what is in essence his reply to J.D. Palatine's Response to his motion. Dkt. No. 6. Walters is entitled to reply as a matter of right. Accordingly, his Motion for Leave to File is hereby **GRANTED** and the Court **ORDERS** the Clerk to file the attached Sur-Reply, Dkt. No. 6-1, as a Reply to Walters's motion. The Court has taken the Reply into consideration in this Report and Recommendation.

a remand to state court." 14B Wright, Miller, Cooper & Steinman, *Federal Practice and Procedure*, § 3721 (2009 4th ed.). Because Walters's state court petition unambiguously alleges a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, this case falls within this Court's original jurisdiction and, therefore, J.D. Palatine properly removed this case under § 1331.[2]

### III. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Plaintiff Mark Walters's Response in Opposition to Notice of Removal and Motion to Remand (Dkt. No. 4).

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

---

[2] In the alternative, J.D. Palatine alleges diversity of citizenship as the basis of the Court's jurisdiction. Walters disputes, however, whether the amount in controversy here is greater than $75,000. Because the amount in controversy issue is complex, and the Court clearly has subject matter jurisdiction over this case, it need not rule on whether it also has diversity jurisdiction.

District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of November, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE