**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **MARK WALTERS** § | |
| § | |
| v. § | **A-15-CV-850-LY** |
| § | |
| **J.D. PALATINE, L.L.C.** § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE LEE YEAKEL
          UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion for Partial Dismissal of Plaintiff's Complaint Under Rule 12(b)(6) (Dkt. No. 27); and Plaintiff's Response in Opposition to Defendant's Motion (Dkt. No. 29). The District Court referred the above-motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72 and Rule 1(c) of Appendix C of the Local Rules.

## I. GENERAL BACKGROUND

Plaintiff Mark Walters brings this suit alleging that JD Palatine, LLC (Palatine) violated various provisions of the Fair Credit Reporting Act (FCRA). In June 2015, Walters was denied a consulting contract, allegedly due to a criminal background report performed by Palatine. Following the denial of the contract, Walters filed a written dispute to Palatine stating that the background check contained inaccurate information. Walters requested a re-investigation of the information. According to Walters, an unnamed employee at Palatine stated that it would re-investigate the matter "timely." However, Walters alleges that Palatine failed to conduct the re-investigation within thirty days, in violation of the FCRA. Additionally, after discovery, Walters was granted leave to amend his complaint to add two claims: fraud and misrepresentation. He contends that Palatine

misrepresented that it would conduct the re-investigation within thirty days, which caused an injury to Walters. He claims that this misrepresentation is the basis for both his fraud and misrepresentation claims, as well as his previous claims under the FCRA. Palatine moves to dismiss the fraud and misrepresentation claims, contending that Walters fails to meet the heightened pleading standards of FED. R. CIV. P. 9(b). The motion does not address Walters's FCRA claims.

## II. ANALYSIS

### A.    12(b)(6) Motion to Dismiss

#### 1.    Standard of Review

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). *Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). To survive the motion, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

For allegations of fraud, the rules require a heightened pleading standard. Rule 9(b) requires plaintiffs to "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). The Fifth Circuit "interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009). In other words, the plaintiff must identify the "who, what, when, and where" of the fraud claim. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

2. Fraud

Palatine argues that Walters fails to meet the heightened pleading standard of Rule 9(b). In Texas, a claim for fraud requires:

> (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). Palatine is correct that Walters has failed to meet the heightened pleading standard. First, Walters does not identify the person at Palatine that made the alleged misrepresentation. In his complaint, Walters merely states that "Defendant" made the statements, but does not identify which employee(s) spoke to Walters. He also fails to identify how the statement was made—whether orally or in writing. Then, Walters does not allege a specific injury suffered as a result of his reliance. In a separate claim, Walters states that he "was applying for a job and the outcome of the re-investigation report had a significant impact

3

on whether Plaintiff was hired or not." Dkt. No. 25 at 11.  However, he does not explain how he relied on the statement or how the delay caused injury—especially given the fact that Walters had already been denied the contract.  As such, Walters's claim for fraud does not meet the pleading standards required under Rule 9(b) and should be dismissed.

      3.    <u>Negligent Misrepresentation</u>

Palatine next argues that Walter's claim for negligent misrepresentation—if indeed this Court interprets Walters claim as such—is subject to Rule 9(b) as well.  The Fifth Circuit has stated that "when the parties have not urged a separate focus on the negligent misrepresentation claims" from the fraud claims, a court should apply the heightened pleading standard of Rule 9(b).  *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003).[1]  Because Walters alleges that the same misleading statement is the basis for both claims, the Court will apply the heightened pleading standard to the negligence claim as well.  In Texas, the elements of a negligent misrepresentation claim are:

> (1) defendant's representation to plaintiff in the course of defendant's business or in a transaction in which the defendant had an interest; (2) defendant's providing false information for the guidance of others; (3) defendant's failure to exercise reasonable care or competence in obtaining or communicating information; (4) plaintiff's justifiable reliance on defendant's representation; and (5) defendant's negligent misrepresentation proximately causing the plaintiff's injury.

*Willis v. Marshall*, 401 S.W.3d 689, 698 (Tex. App.–El Paso 2013).  Walters fails to meet the heightened standard of Rule 9(b) for the same reasons as above.  Walters complaint fails to identify

---

[1] *See also Foxx v. My Vintage Baby, Inc.*, 624 F. App'x 318, 319 (5th Cir. 2015); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  *But see Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 668 (5th Cir. 2004) (stating that negligent misrepresentation claims are not subject to Rule 9(b)).

the speaker, whether the statement was made orally or in writing, any specific injury, or justifiable reliance on the statement. Therefore, this claim should also be dismissed.

**B.     Amendment**

When a complaint fails to state a claim, a court should generally give plaintiff an opportunity to amend under Rule 15(a) before dismissing the action with prejudice. "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.,* 199 F.3d 239, 247 n. 6 (5th Cir. 2000) (citing *O'Brien v. Nat'l Prop. Analysts Partners,* 936 F.2d 674, 675-76 (2d Cir. 1991)). The Court cannot state that amendment would be futile in this case if Walters can plead, in good faith, a factual basis for the fraud and negligent misrepresentation claim containing the missing details discussed above. And while Walters amended his complaint previously, he did so to add the additional claims discussed here. As a result, the Court recommends that the district judge permit Walters an opportunity to replead to cure the deficiencies noted above.

### III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **GRANT** the Defendant's Motion for Partial Dismissal of Plaintiff's Complaint (Dkt. No. 27), and **DISMISS** the claims for fraud and negligent misrepresentation. The undersigned **FURTHER RECOMMENDS** that the District Court **PERMIT** the Plaintiff a defined period of time in which to file an amended complaint to plead sufficient facts to support his assertions of fraud and negligent misrepresentation, as discussed above.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made.

The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 9th day of January, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE