# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MARK WALTERS | § | |
| | § | |
| v. | § | A-15-CV-850-LY |
| | § | |
| J.D. PALATINE, L.L.C. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion for Dismissal of Plaintiff's Fraud Claim Under Rule 12(b)(6) (Dkt. No. 35); and Plaintiff's Response in Opposition to Defendant's Motion (Dkt. No. 37). The District Court referred the above-motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72 and Rule 1(c) of Appendix C of the Local Rules.

## I. GENERAL BACKGROUND

Plaintiff Mark Walters brings this suit alleging that JD Palatine, LLC (Palatine) violated various provisions of the Fair Credit Reporting Act (FCRA). In June 2015, Walters was denied a consulting contract, allegedly due to a criminal background report performed by Palatine. Following the denial of the contract, Walters filed a written dispute to Palatine stating that the background check contained inaccurate information. Walters requested a re-investigation of the information. According to Walters, Tim Planz, Vice President of Operations at Palatine, stated that "he would look into the matter and get back as soon as possible" and that he was familiar with the FCRA. However, Walters alleges that Palatine failed to conduct the re-investigation within thirty days, in violation of the FCRA. Additionally, after discovery, Walters was granted leave to amend his

complaint to add two claims: fraud and misrepresentation. He contends that Palatine misrepresented that it would conduct the re-investigation within thirty days, which caused an injury to Walters. He claims that this misrepresentation is the basis for both his fraud and misrepresentation claims, as well as his previous claims under the FCRA.

Palatine previously moved to dismiss the fraud and misrepresentation claims, contending that Walters failed to meet the heightened pleading standards of FED. R. CIV. P. 9(b). The Court recommended dismissal of Walter's fraud and misrepresentation claims, and the District Judge adopted the Report and Recommendation on February 8, 2017. Dkt. No. 31. Walters was then given an opportunity to amend his complaint, in which he once again alleged fraud and negligent misrepresentation. Palatine filed a second motion to dismiss, moving solely to dismiss Walter's fraud claim.

## II. ANALYSIS

For allegations of fraud, the rules require a heightened pleading standard. Rule 9(b) requires plaintiffs to "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). The Fifth Circuit "interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009). In other words, the plaintiff must identify the "who, what, when, and where" of the fraud claim. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

Palatine argues that after amending, Walters still fails to meet the heightened pleading standard of Rule 9(b). In Texas, a claim for fraud requires:

(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).

In the Report and Recommendation on Palatine's first motion to dismiss, the Court found that Walters had failed to identify the who, what, when, where, and how of his claim as required. His amended complaint, however, satisfies this standard. Walters specified the date on which the statement was made, the contents of the statement, the identity of the speaker, and the medium by which the statement was made. Walters also sufficiently alleges that the statement was material and that he suffered an injury from his reliance on it. While Palatine argues that Walters failed to provide any support for his allegations that the speaker knew the statement was false or made recklessly or that it was made with the required intent, knowledge and intent may be pled generally. FED. R. CIV. P. 9(b). As such, Walter has sufficiently pled his claim for fraud.

### III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** the Defendant's Motion for Dismissal of Plaintiff's Fraud Claim Under Rule 12(b)(6) (Dkt. No. 35).

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of June, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE